1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   SHAWN O'CONNOR

ORIGINAL FILED

FEB 1 2 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

ADR

6

7

8          IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10  SHAWN O'CONNOR,                    C 08    00907

11                      Plaintiff,                        JCS

12  v.                                COMPLAINT

13  LAW OFFICE OF HARRIS & ZIDE, a    DEMAND FOR JURY TRIAL
    general partnership, and FLINT COREY
14  ZIDE, individually and in his official    15 United States Code § 1692 *et seq.*
    capacity,
15
16                      Defendants.

17          Plaintiff, SHAWN O'CONNOR (hereinafter "Plaintiff"), based on information and

18  belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff

19  or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

20                          **I. INTRODUCTION**

21          1.      This is an action for statutory damages, attorney fees and costs brought by an

22  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

23  § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive,

24  deceptive and unfair practices.

25          2.      According to 15 U.S.C. § 1692:

26  a.      There is abundant evidence of the use of abusive, deceptive, and unfair debt

27          collection practices by many debt collectors.  Abusive debt collection practices

28          contribute to the number of personal bankruptcies, to marital instability, to the loss

1      of jobs, and to invasions of individual privacy.

2      b.      Existing laws and procedures for redressing these injuries are inadequate to protect

3              consumers.

4      c.      Means other than misrepresentation or other abusive debt collection practices are

5              available for the effective collection of debts.

6      d.      Abusive debt collection practices are carried on to a substantial extent in interstate

7              commerce and through means and instrumentalities of such commerce.  Even where

8              abusive debt collection practices are purely intrastate in character, they nevertheless

9              directly affect interstate commerce.

10     e.      It is the purpose of this title to eliminate abusive debt collection practices by debt

11             collectors, to insure that those debt collectors who refrain from using abusive debt

12             collection practices are not competitively disadvantaged, and to promote consistent

13             State action to protect consumers against debt collection abuses.

## II.  JURISDICTION

15     3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

16     1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

17     4.      This action arises out of Defendants' violations of the Fair Debt Collection

18     Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III.  VENUE

20     5.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

21     that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

22     district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

23     Defendants transact business in this judicial district and the violations of the FDCPA complained

24     of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

26     6.      This lawsuit should be assigned to the San Francisco Division of this Court

27     because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San

28     Francisco County.

**V. PARTIES**

7.      Plaintiff, SHAWN O'CONNOR (hereinafter "Plaintiff" or "O'CONNOR"), is a natural person residing in San Francisco County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8.      Plaintiff is informed and believes, and thereon alleges that Defendant, LAW OFFICES OF HARRIS & ZIDE (hereinafter "HARRIS & ZIDE"), is or was at all relevant times, a general partnership engaged in the business of collecting debts in this state with its principal place of business located at:  1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  HARRIS & ZIDE may be served as follows:  Law Offices of Harris & Zide, c/o Flint Corey Zide, General Partner, 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  The principal business of HARRIS & ZIDE is the collection of debts using the mails and telephone, and HARRIS & ZIDE regularly attempts to collect debts alleged to be due another.  HARRIS & ZIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.      Defendant, FLINT COREY ZIDE (hereinafter "ZIDE"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of HARRIS & ZIDE at all relevant times.  ZIDE may be served at his current business address at:  Flint Corey Zide, Law Offices of Harris & Zide, 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  ZIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that ZIDE is liable for the acts of HARRIS & ZIDE because he is a general partner of HARRIS & ZIDE, he sets and approves HARRIS & ZIDE collection policies, practices, procedures, and he directed the unlawful activities described herein.

10.      At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

-3-
COMPLAINT

# VI.  FACTUAL ALLEGATIONS

11.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Citibank (South Dakota), N.A. (hereinafter "the debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13.     Thereafter, Defendants filed a lawsuit against O'CONNOR to collect the debt. Said lawsuit was filed in the Superior Court of the State of California, County of Santa Clara and assigned Case No. 1-05-CV-038648 (hereinafter "the collection lawsuit").

14.     Thereafter, O'CONNOR retained the legal services of Fred W. Schwinn of the Consumer Law Center, Inc., to represent him in the collection lawsuit.

15.     Thereafter, on or about July 8, 2005, Fred W. Schwinn notified ZIDE and his law partners that O'CONNOR was represented by Mr. Schwinn in connection with the debt owed to Citibank (South Dakota), N.A.

16.     Thereafter, on or about March 20, 2006, the Honorable Gregory H. Ward presided over a bench trial wherein O'CONNOR was found to owe Citibank (South Dakota), N.A., the sum of $7,264.97 in principal, plus costs.

17.     A true and accurate copy of the Judgment and Order for Entry After Trial by Court is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18.     On or about March 23, 2006, Defendant ZIDE, filed a Memorandum of Costs in the state court proceeding which stated the costs in the collection lawsuit to be $460.25.

19.     A true and accurate copy of the Memorandum of Costs is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20.     Accordingly, the total judgment against Plaintiff in favor of Citibank (South Dakota), N.A., is $7,725.22, plus post-judgment interest at the rate of 10% per annum pursuant to Cal. Code of Civil Procedure § 685.010.

21.     Thereafter, Defendants sent a collection letter dated June 8, 2007 (Exhibit

-4-

"3") directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22.     A true and accurate copy of the collection letter dated June 8, 2007, from Defendants to Plaintiff is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

23.     The collection letter dated June 8, 2007 (Exhibit "3") states that Plaintiff owed "$10,774.48 including costs, interest and attorney fees."

24.     Plaintiff is informed and believes, and thereon alleges that Defendants misrepresented the character, amount or legal status of the debt in the collection letter dated June 8, 2007 (Exhibit "3").

25.     Plaintiff is informed and believes, and thereon alleges that Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the judgment creating the debt or otherwise permitted by law in the collection letter dated June 8, 2007 (Exhibit "3").

26.     The collection letter dated June 8, 2007 (Exhibit "3") displays a signature believed to be that of Defendant, ZIDE.

27.     The collection letter dated June 8, 2007 (Exhibit "3") represented or implied that Plaintiff's account had been reviewed by Defendant, ZIDE, before the collection letter (Exhibit "3") was sent to Plaintiff.

28.     Plaintiff is informed and believes, and thereon alleges that Defendant, ZIDE, did not conduct a professional review Plaintiff's account before sending the collection letter dated June 8, 2007 (Exhibit "3") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

29.     Plaintiff is informed and believes, and thereon alleges that the collection letter dated June 8, 2007 (Exhibit "3") misrepresented the role and involvement of legal counsel.

30.     Thereafter, Defendants sent a collection letter dated July 10, 2007 (Exhibit "4") directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

1    31.    A true and accurate copy of the collection letter dated July 10, 2007, from

2  Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated

3  herein.

4    32.    The collection letter dated July 10, 2007 (Exhibit "4") states that Plaintiff

5  owed "$10,774.48."

6    33.    Plaintiff is informed and believes, and thereon alleges that Defendants

7  misrepresented the character, amount or legal status of the debt in the collection letter dated July 10,

8  2007 (Exhibit "4").

9    34.    Plaintiff is informed and believes, and thereon alleges that Defendants

10  attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized

11  by the judgment creating the debt or otherwise permitted by law in the collection letter dated July

12  10, 2007 (Exhibit "4").

13    35.    The collection letter dated July 10, 2007 (Exhibit "4") displays a signature

14  believed to be that of Defendant, ZIDE.

15    36.    The collection letter dated July 10, 2007 (Exhibit "4") represented or implied

16  that Plaintiff's account had been reviewed by Defendant, ZIDE, before the collection letter (Exhibit

17  "4") was sent to Plaintiff.

18    37.    Plaintiff is informed and believes, and thereon alleges that Defendant, ZIDE,

19  did not conduct a professional review Plaintiff's account before sending the collection letter dated

20  July 10, 2007 (Exhibit "4") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and

21  *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

22    38.    Plaintiff is informed and believes, and thereon alleges that the collection letter

23  dated July 10, 2007 (Exhibit "4") misrepresented the role and involvement of legal counsel.

24  ## VII.  CLAIMS

25  **FAIR DEBT COLLECTION PRACTICES ACT**

26    39.    Plaintiff brings the first claim for relief against Defendants under the Federal

27  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28    40.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

1 through 38 above.

2    41.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

3 1692a(3).

4    42.    Defendant, HARRIS & ZIDE, is a "debt collector" as that term is defined by

5 the FDCPA, 15 U.S.C. § 1692a(6).

6    43.    Defendant, ZIDE, is a "debt collector" as that term is defined by the FDCPA,

7 15 U.S.C. § 1692a(6).

8    44.    The financial obligation owed to Citibank (South Dakota), N.A., by Plaintiff

9 is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

10    45.    Defendants' collection letters described above violate the FDCPA.    The

11 violations include, but are not limited to, the following:

12        a.    Defendants misrepresented the character, amount or legal status of

13            the debt, in violation of 15 U.S.C. § 1692e(2)(A);

14        b.    Defendants misrepresented the compensation which may be lawfully

15            received by Defendants for the collection of the debt, in violation of

16            15 U.S.C. § 1692e(2)(B);

17        c.    Defendants falsely represented or implied that an attorney ZIDE had

18            reviewed Plaintiff's account when attorney ZIDE had not done so, in

19            violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

20        d.    Defendants falsely represented the role and evolvement of legal

21            counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10); and

22        e.    Defendants attempted to collect interest, fees or other charges from

23            Plaintiff that are not expressly authorized by the judgment creating

24            the debt or otherwise permitted by law, in violation of 15 U.S.C. §

25            1692f(1).

26    46.    Defendants have further violated the FDCPA in the following respects:

27        a.    Defendants continued to communicate directly with Plaintiff

28            regarding the collection of the debt after they knew that Plaintiff was

-7-
COMPLAINT

1    represented by an attorney with respect to the debt, in violation of 15

2    U.S.C. § 1692c(a)(2).

3        47.    Defendants' acts as described above were done intentionally with the purpose

4    of coercing Plaintiff to pay the debt.

5        48.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

6    award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

7                        **VIII.  REQUEST FOR RELIEF**

8    Plaintiff requests that this Court:

9    a.    Assume jurisdiction in this proceeding;

10   b.    Declare that Defendants' collection letters attached hereto as Exhibits "3" and "4"

11         violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2)(A),

12         1692e(2)(B), 1692e(3), 1692e(10) and 1692f(1);

13   c.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

14         § 1692c(a)(2);

15   d.    Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant

16         to 15 U.S.C. § 1692k(a)(2)(A);

17   e.    Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to

18         15 U.S.C. § 1692k(a)(3); and

19   f.    Award the Plaintiff such other and further relief as may be just and proper.

20

21                        CONSUMER LAW CENTER, INC.

22

23   By: /s/ Fred W. Schwinn
                        Fred W. Schwinn, Esq.
24                      Attorney for Plaintiff
                        SHAWN O'CONNOR

25

26

27

28

                        -8-
                   COMPLAINT

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHAWN O'CONNOR, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

COMPLAINT

1   FLINT C. ZIDE
    LAW OFFICES OF HARRIS & ZIDE
2   1445 Huntington Drive, Suite 300
    South Pasadena, CA  91030
3   (626) 799-8444
    Attorney for Plaintiff
4   State Bar Number 160369

**FILED**

2006 APR 26  P 3: 2

KROT...
B.                *Delia Bellot*

5

6

7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

9                    SANTA CLARA BRANCH - LIMITED CIVIL

10

11  CITIBANK (SOUTH DAKOTA), N.A.     )     NO. 105CV038648
                                      )
12                                    )     JUDGMENT AND ORDER FOR
              Plaintiff               )     ENTRY AFTER TRIAL BY
13  vs                                )     COURT
                                      )
14  SHAWN OCONNOR, ET. AL.            )
                                      )     DATE:    3/20/06
15                                    )     TIME:    8:46 A.M.
              Defendant(s)            )     PLACE:   Dept. 9
    _____)

16

17          This cause came on regularly for trial on

18  March 20, 2006, in Department 9 of the above-entitled court, the

19  Honorable Judge Gregory Ward presiding.  Plaintiff appeared by its

20  attorney Flint C. Zide and defendant Shawn Oconnor appeared by his

21  attorney Fred W. Schwinn.

22          After full consideration of the evidence and points and

23  authorities submitted, it appears and the Court finds that plaintiff

24  has shown by admissible evidence and reasonable inferences therefrom

25  that plaintiff is entitled to judgment.

26  ///////////////

27  ///////////////

28  _____
    Judgment After Trial
    by Court                    1

**EXHIBIT**
**1**

1        IT IS ORDERED THAT the said judgment is granted and

2    judgment shall be entered forthwith as requested in favor of

3    plaintiff CITIBANK (SOUTH DAKOTA), N.A. and against defendant SHAWN

4    OCONNOR.

5        IT IS ORDERED, ADJUDGED AND DECREED that:

6        Plaintiff CITIBANK (SOUTH DAKOTA), N.A. shall recover from

7    Defendant SHAWN OCONNOR the sum of $7,264.97 in principal, plus

8    costs.

9

10   Dated: ___4-21-06_____

11                                          GREGORY H. WARD
                                  JUDGE OF THE SUPERIOR COURT

12

13

14   Agreed as to form and content.  Dated:

15

16   _____
     Fred W. Schwinn
17   Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28
     _____
     Judgment After Trial
     by Court                    2

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF**

I have read the foregoing _____

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Type or Print Name                              Signature

## PROOF OF SERVICE

1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** LOS ANGELES

I am employed in the county of LOS ANGELES _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: 1445 HUNTINGTON DR., STE 300, S. PASADENA, CA 91030

On, 4/20/06 _____ I served the foregoing document described as DECLARATION IN SUPPORT OF FILING JUDGMENT; JUDGMENT AFTER TRIAL BY COURT _____

_____ on ALL INTERESTED PARTIES _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☒ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

FRED W. SCHWINN, ESQ.
12 SOUTH FIRST ST., SUITE 416
SAN JOSE, CA 95113

☒ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at SOUTH PASADENA _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on 4/20/06 _____ , at SOUTH PASADENA _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

FLINT C. ZIDE _____          _____
Type or Print Name                              Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)



Legal
Solutions
& Plus                    Rev. 7/99

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing _____
_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                    _____
Type or Print Name                                                            Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of LOS ANGELES _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 1445 HUNTINGTON DR., STE 300, S. PASADENA, CA 91030

On, 4/20/06 _____ I served the foregoing document described as DECLARATION IN SUPPORT OF FILING JUDGMENT; JUDGMENT AFTER TRIAL BY COURT

_____ on ALL INTERESTED PARTIES _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[X] by placing [X] the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

FRED W. SCHWINN, ESQ.
12 SOUTH FIRST ST., SUITE 416
SAN JOSE, CA 95113

[X] BY MAIL

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at SOUTH PASADENA _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on 4/20/06 _____ , at SOUTH PASADENA _____ , California.

☐   **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[X] (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

FLINT C. ZIDE _____                    _____
Type or Print Name                                                            Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)



Legal Solutions Plus    Rev. 7/99

MC-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
FLINT C. ZIDE, STATE BAR #160369
Law Office of Harris & Zide
1445 Huntington Dr.
Suite 300
South Pasadena, Ca 91030
TELEPHONE NO.: 626-799-8444    FAX NO.: 626-799-8419
ATTORNEY FOR *(Name):*  CITIBANK (SOUTH DAKOTA) N.A

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
SUPERIOR COURT OF CALIFORNIA, CO. OF SANTA CLARA

SANTA CLARA BRANCH - LIMITED CIVIL CASE

PLAINTIFF: CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT: SHAWN OCONNOR

FOR COURT USE ONLY

FILED

2006 MAR 23 AM 10: 50

CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT CA
COUNTY OF SANTA CLARA
BY_____ DEPUTY

**EXHIBIT**
**2**

**MEMORANDUM OF COSTS (SUMMARY)**

CASE NUMBER:
105CV038648

The following costs are requested:

|   | | TOTALS |
|---|---|---|
| 1. Filing and motion fees | 1. $ | 302.50 |
| 2. Jury fees | 2. $ | |
| 3. Jury food and lodging | 3. $ | |
| 4. Deposition costs | 4. $ | |
| 5. Service of process | 5. $ | 157.75 |
| 6. Attachment expenses | 6. $ | |
| 7. Surety bond premiums | 7. $ | |
| 8. Witness fees | 8. $ | |
| 9. Court-ordered transcripts | 9. $ | |
| 10. Attorney fees *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)* | 10. $ | |
| 11. Models, blowups, and photocopies of exhibits | 11. $ | |
| 12. Court reporter fees as established by statute | 12. $ | |
| 13. Other | 13. $ | |
| **TOTAL COSTS** | $ | 460.25 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: 3/21/06

FLINT C. ZIDE
(TYPE OR PRINT NAME)

(SIGNATURE)

*(Proof of service on reverse)*

**MEMORANDUM OF COSTS (SUMMARY)**

Legal Solutions Plus

Code of Civil Procedure,
§§ 1032, 1033.5

| SHORT TITLE: CITIBANK v. OCONNOR | CASE NUMBER: |
|---|---|
| | 105CV038648 |

## PROOF OF [X] MAILING [ ] PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.

2. My residence or business address is *(specify)*: 1445 HUNTINGTON DR., STE 300, SOUTH PASADENA, CA 91030

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:

   a. [X]  **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope AND

         (a) [ ]  **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

         (b) [X]  **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served: FRED W. SCHWINN

         (b) Address on envelope:   CONSUMER LAW CENTER

                                12 SOUTH FIRST ST., SUITE 416

                                SAN JOSE, CA  95113

         (c) Date of mailing:  3/21/06

         (d) Place of mailing *(city and state)*:  SOUTH PASADENA

   b. [ ]  **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:

      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/21/06

FLINT C. ZIDE ▸
(TYPE OR PRINT NAME)                                     (SIGNATURE OF DECLARANT)

MC-011

| SHORT TITLE: CITIBANK v. OCONNOR | CASE NUMBER:<br>105CV038648 |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET)

### 1. Filing and motion fees

| Paper filed | Filing fee |
|---|---|
| a. SUMMONS AND COMPLAINT | $ 302.50 |
| b. | $ |
| c. | $ |
| d. | $ |
| e. | $ |
| f. | $ |

g. ☐ Information about additional filing and motion fees is contained in Attachment 1g.

TOTAL  1.  $ 302.50

### 2. Jury fees

| Date | Fee & mileage |
|---|---|
| a. | $ |
| b. | $ |
| c. | $ |
| d. | $ |

e. ☐ Information about additional jury fees is contained in Attachment 2e.

TOTAL  2.  $

### 3. Juror food: $ _____ and lodging: $ _____

TOTAL  3.  $

### 4. Deposition costs

| Name of deponent | Taking | Transcribing | Travel | Video-taping | Subtotals |
|---|---|---|---|---|---|
| a. | $ | $ | $ | $ | $ |
| b. | $ | $ | $ | $ | $ |
| c. | $ | $ | $ | $ | $ |
| d. | $ | $ | $ | $ | $ |

e. ☐ Information about additional deposition costs is contained in Attachment 4e.

TOTAL  4.  $

(Continued on reverse)

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
MC-011 [Rev. July 1, 1999]
Optional Form
MEMORANDUM OF COSTS (WORKSHEET)
Legal Solutions Plus
Code of Civil Procedure, §§ 1032, 1033.5

| SHORT TITLE: CITIBANK v. OCONNOR | CASE NUMBER:<br>105CV038648 |
| --- | --- |

5. **Service of process**

| | Name of person<br>served | Public<br>officer | Registered<br>process | Publication | Other<br>(specify) |
| --- | --- | --- | --- | --- | --- |
| a. | DEFENDANT | $ _____ | $ 157.75 | $ _____ | $ _____ |
| b. | _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| c. | _____ | $ _____ | $ _____ | $ _____ | $ _____ |

d. ☐ Information about additional costs for service of process is contained in Attachment 5d.

TOTAL  5. $ 157.75

6. **Attachment expenses** (specify): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6. $

7. **Surety bond premiums** (itemize bonds and amounts): . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7. $

8. a. **Ordinary witness fees**

| | Name of witness | Daily fee | Mileage | Total |
| --- | --- | --- | --- | --- |
| (1) | _____ | _____ days at _____ $/day | _____ miles at _____ ¢/mile . . . . | $ _____ |
| (2) | _____ | _____ days at _____ $/day | _____ miles at _____ ¢/mile . . . . | $ _____ |
| (3) | _____ | _____ days at _____ $/day | _____ miles at _____ ¢/mile . . . . | $ _____ |
| (4) | _____ | _____ days at _____ $/day | _____ miles at _____ ¢/mile . . . . | $ _____ |
| (5) | _____ | _____ days at _____ $/day | _____ miles at _____ ¢/mile . . . . | $ _____ |

(6) ☐ Information about additional ordinary witness fees is contained in Attachment 8a(6).

SUBTOTAL  8a. $

(Continued on next page)

Page 2 of 4

MC-011 [Rev. July 1, 1999]

**MEMORANDUM OF COSTS (WORKSHEET)**

| SHORT TITLE:  CITIBANK v. OCONNOR | CASE NUMBER:<br>105CV038648 |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET) *(Continued)*

8. b. **Expert fees** *(per Code of Civil Procedure secton 998)*

     <u>Name of witness</u>     <u>Fee</u>

(1) _____ _____ hours at $ _____ /hr . . . . . $ _____

(2) _____ _____ hours at $ _____ /hr . . . . . $ _____

(3) _____ _____ hours at $ _____ /hr . . . . . $ _____

(4) _____ _____ hours at $ _____ /hr . . . . . $ _____

(5) ☐ Information about additional expert witness fees is contained in Attachment 8b(5).

     SUBTOTAL 8b. $ _____

  c. **Court-ordered expert fees**

     <u>Name of witness</u>     <u>Fee</u>

(1) _____ _____ hours at $ _____ /hr . . . . . $ _____

(2) _____ _____ hours at $ _____ /hr . . . . . $ _____

(3) ☐ Information about additional court-ordered expert witness fees is contained in Attachment 8c(3).

     SUBTOTAL 8c. $ _____

     TOTAL (8a, 8b, & 8c)  8. $ _____

9. **Court-ordered transcripts** *(specify):* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9. $ _____

10. **Attorney fees** *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required):* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10. $ _____

11. **Models, blowups, and photocopies of exhibits** *(specify):* . . . . . . . . . . . . . . . . . . . . . . . . . 11. $ _____

12. **Court reporter fees** *(as established by statute)*

    a. *(Name of reporter):*                 Fees:  $

    b. *(Name of reporter):*                 Fees:  $

    c. ☐ Information about additional court reporter fees is contained in Attachment 12c.

                                  TOTAL  12. $ _____

13. ☐ **Other** *(specify):* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13. $ _____

**TOTAL COSTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ <u>460.25</u>

MC-011 [Rev. July 1, 1999]

**MEMORANDUM OF COSTS (WORKSHEET)**

| SHORT TITLE: CITIBANK v. OCONNOR | CASE NUMBER: 105CV038648 |

## MEMORANDUM OF COSTS (WORKSHEET) *(Continued)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

MC-011 [Rev. July 1, 1999]                MEMORANDUM OF COSTS (WORKSHE

# HARRIS & ZIDE

1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CALIFORNIA 91030
(626) 799-8444

*ROBERT T. HARRIS
(1929 - 2003)
FLINT C. ZIDE
SUSAN STULLER FRANK
SHERIF FATHY
DEBT COLLECTION ATTORNEYS

JUNE 8, 2007

SHAWN OCONNOR
1819 POLK ST 220
SAN FRANCISCO CA 94109

RE: SHAWN OCONNOR / CITICORP CREDIT SERVICES, INC.

    BALANCE: $10774.48 including costs, interest and attorney fees.

DEAR, SHAWN OCONNOR

The above referenced account has been in our office for
some time.  The following information is requested to
evaluate further action.  Please return this notice with
your response.

(     )     No further action necessary. Balance in full
            enclosed.

(     )     Need to discuss.  Please call me at_____
            _____.

(     )     I will make payments of $_____per
            week/month starting _____.
            Acceptance to such payments in the future is subject to
            your approval in writing.

You can reach us from 8:00 to 9:00 Monday through Thursday on
Friday from 8:00 to 5:00 on Saturday from 8:00 to 12:00 noon and
on Sunday from 5:00 to 9:00.  Please feel free to call us for
further information regarding your account at (626) 799-8444.

This letter is an attempt to collect a debt.  Any information
obtained will be used for that purpose.  We are debt collectors.

Sincerely

FLINT C. ZIDE / SHERIF FATHY
ATTORNEY

EXHIBIT
3

404535 223

LAW OFFICES OF

Harris & Zide

1445 HUNTINGTON DRIVE
SUITE 300
SOUTH PASADENA, CALIFORNIA 91030

ADDRESS CORRECTION REQUESTED

JUNE 8, 2007

SHAWN OCONNOR
1819 POLK ST 220
SAN FRANCISCO CA 94109

94105+3003





UNITED STATES POSTAGE

$ 00.41⁰

02 1A
000462004    JUN08 2007
MAILED FROM ZIP CODE 91030

LAW OFFICE OF

# HARRIS & ZIDE

1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CALIFORNIA 91030
(626) 799-8444 FAX (626) 799-8419

*ROBERT T. HARRIS
(1929 - 2003)
FLINT C. ZIDE
SHERIF FATHY
SCOTT G. GREENE
DEBT COLLECTION ATTORNEYS

JULY 10, 2007

SHAWN OCONNOR
1819 POLK ST 220
SAN FRANCISCO CA 94109

RE: CITICORP CREDIT SERVICES, INC. / SHAWN OCONNOR 404535
    Balance:    $10774.48

DEAR, SHAWN OCONNOR

We have not heard from you in some time, nor have we
reached a satisfactory resolution of the above account.

It is hoped that we will not be forced to take further
action to collect this debt.

Please contact MARIZA MARTINEZ at (626) 799-8444.

This is an attempt to collect a debt.  Any information
obtained will be used for that purpose.  We are debt collectors.

Sincerely,

FLINT C. ZIDE / SHERIF FATHY
ATTORNEY AT LAW

404535 222

EXHIBIT
4

LAW OFFICES OF

Harris & Zide

1445 HUNTINGTON DRIVE
SUITE 300
SOUTH PASADENA, CALIFORNIA 91030

ADDRESS CORRECTION REQUESTED

JULY 10, 2007

SHAWN OCONNOR
1819 POLK ST 220
SAN FRANCISCO CA 94109

94109+2003



02 1A
000462A004
MAILED FROM ZIP CODE 91030

UNITED STATES POSTAGE

$ 00.41⁰
JUL 11 2007
PITNEY BOWES